[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to the stipulation of the parties in this matter, the only issue for this court to decide is the amount of income loss proximately caused by the defendant's negligence.
At trial, the court heard the testimony of two witnesses. Barbara Angelicola, one of the parties and bookkeeper of the family partnership, testified on behalf of the plaintiffs and John Flaherty, C.P.A., testified for the defendants. From the evidence, the court finds the following facts:
The plaintiffs, husband and wife, doing business as Brass City Trucking, owned and operated two tri-axle dump trucks identified as number 318 and 584. Of the two, 318 had a larger load carrying capacity. These trucks were hired out with driver to haul, by the ton/load or by the hour, to various contractors and construction companies in the greater Waterbury area. As a result of defendants' negligence, truck #318 was damaged and out of service from July 1, 1996 to August 3, 1996. During this period of time truck 584 earned $22,199.32.
Clearly, the month of July 1996 was the most profitable month that Brass City Trucking ever had. Barbara Angelicola testified that during that month, truck 584 worked both day and night as a result of the demand for hauling generated by the site preparation at the Brass City Mall and by the repairing and repaving of 1-84 between Middlebury and Danbury. She also testified that both trucks would have worked the same jobs for the same contractor, at the same rates had truck 318 been available. Consequently, she determined that 318, at the least, would have generated CT Page 14566 the same amount of income as truck 584 since there was sufficient work to keep both trucks hauling at the same jobs.
While the amount of income truck 318 would have earned during the period in question, was strongly contested, the court accepts as reasonable and credible the testimony of Barbara Angelicola that truck 318, at minimum, would have generated as much income as 584. Consequently, the court finds that 318 would have generated as gross income the sum of $22,199.32 during the period it was out of service due to the defendants' negligence.
With regard to charges against that sum, the court accepts the testimony of John Flaherty as reasonable under the circumstances. He indicates that based on the plaintiffs 1995 income tax return the following charges, as percentages of gross income, are appropriate regardless of what the court determines to be the gross income for 318.
Therefore and in accordance with the "foregoing," the following is appropriate.
 Gross revenue truck 318 would have generated during period it was out of service due to defendants' $22,199.32 negligence.
 Less: Salary and wages of driver of 318. These charges historically are 16.47% of gross as determined $3,656.23 from 1995 tax return.
 Repair and maintenance of 318. $1,849.20 Historically 8.33% of gross
 Fuel and truck expenses for 318. Historically 17.44% of gross. $3,871.56 $9,376.99 $9.376.99
Adjusted total $12,822.33 CT Page 14567
 LESS: Per stipulation of parties, the prior payment by defendants to plaintiffs for loss of income. $5,000.00
 Loss of income caused by defendants' negligence. $7,822.33
Judgment will enter for the plaintiffs and against the defendants for damages in the amount of $7,822.33 together with statutory costs of court.
THOMAS G. WEST, J.